UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br><br>                    Plaintiff,<br><br>          v.<br><br>MIKUNI RESTAURANTS, et al.,<br><br>                    Defendants. | No.  2:22–cv–2141–KJM–KJN PS<br><br>ORDER TO SHOW CAUSE |

Plaintiff, who is proceeding without counsel in this action, filed a complaint against defendants Mikuni Restaurants, California Bank and Trust, First Japanese Baptist Church, Kokio Arai, Taro Arai, Helen Okumura, Carmalita Cruz, and John Meyer.[1]  (ECF No. 1.)  Plaintiff paid the filing fee and the Clerk issued subpoenas for plaintiff to serve defendants.  (ECF No. 2.)

Upon review of plaintiff's complaint, the court notes it fails to state a cause of action that implicates the court's federal subject matter jurisdiction.  Therefore, plaintiff is hereby ordered to show cause why this case should not be dismissed.

///

///

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

**Analysis**

Here, plaintiff's complaint asserts the above-named defendants committed bank trust fraud and collusion in 2005 concerning an account plaintiff inherited. Plaintiff alleges embezzlement, theft of his property, fraudulent conduct and general collusion. The only statute plaintiff cites is Title 18 U.S.C. § 1344, and plaintiff asserts the court has both federal question jurisdiction as well as diversity jurisdiction. (See ECF No. 1.) The complaint does not appear to allege claims that are within the court's subject matter jurisdiction.

Plaintiff does cite to a federal statute, 18 U.S.C. § 1344 ("Bank Fraud"), but this statute does not provide plaintiff, a private citizen, with a cause of action. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); see also, e.g., Schneider v. Bank of Am. N.A., 2012 WL 761975, at *7–8 (E.D. Cal. Mar. 6, 2012) (finding no cognizable civil action flowing from the bank fraud statutes). Thus, any such asserted claim is legally frivolous and does not implicate the court's subject matter jurisdiction. Hagans, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, 889 F.3d at 549-50 (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). Thus, no federal question jurisdiction appears to exist on the face of the complaint. Caterpillar, 482 U.S. at 392.

Further, though plaintiff checks the box for diversity jurisdiction, the court notes that plaintiff and multiple defendants are citizens of California (though two defendants are alleged to be citizens of Japan). (ECF No. 1 at 3.) Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction over certain actions between citizens of different states and certain actions including aliens or foreign states. However, complete diversity is a requirement of Section 1332. Caterpillar, 519 U.S. at 68 (holding that "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant."); see also, e.g., Toro-Aire, Inc. v. Williams, 2013 WL 12186157, at *1 (S.D. Cal. July 25, 2013) ("Complete diversity is required under 28 U.S.C. § 1332(a)(1) and under the alienage provisions, 28 U.S.C. § 1332(a)(2)-(3)."); accord Wardle v. Jeanneau Am.,

Inc., 2005 WL 2333758, at *2 (N.D. Cal. Sept. 22, 2005) (citing Depex Reina 9 Partnership v. Texas Intern. Petroleum Corp., 897 F.2d 461, 464-65 (10th Cir. 1990)) (no jurisdiction under § 1332 in case brought by California plaintiff against various defendants, including a California corporation and foreign corporation). Thus, there does not appear to be complete diversity, as is required by 28 U.S.C. § 1332.

Given the allegations in the complaint, citizenship of the parties, and statute cited, it appears the court is without subject matter jurisdiction, requiring dismissal. Rule 12(h)(3) (requiring federal courts to dismiss actions where subject matter jurisdiction is lacking). Accordingly, plaintiff shall show cause why dismissal is not appropriate.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that within 28 days of this order, plaintiff shall show cause why this action should not be dismissed for lack of subject matter jurisdiction. Failure to file this response to the court's show cause order by the required deadline will be interpreted as consent to dismissal.

Dated: December 2, 2022

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE