UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br><br>    Plaintiff,<br><br>    v.<br><br>MIKUNI RESTAURANTS, et al.,<br><br>    Defendants. | No. 2:22–cv–2141–KJM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDITION |

    Plaintiff, who is proceeding without counsel in this action, filed a complaint against defendants Mikuni Restaurants, California Bank and Trust, First Japanese Baptist Church, Kokio Arai, Taro Arai, Helen Okumura, Carmalita Cruz, and John Meyer.[1] (ECF No. 1.) Plaintiff paid the filing fee and the Clerk issued subpoenas for plaintiff to serve defendants. (ECF No. 2.) The court noted plaintiff's complaint failed to state a cause of action that implicates the court's subject matter jurisdiction, and so ordered plaintiff to show cause why this case should not be dismissed. (ECF No. 4.) Plaintiff responded, clarifying his intent regarding his suit against defendants. (ECF No. 6.) However, plaintiff's assertions do not rectify the court's overall concerns regarding his claims. Thus, for the reasons stated below, the court recommends this action be dismissed for lack of subject matter jurisdiction.

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as legally frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

**Analysis**

Here, plaintiff's complaint asserts the above-named defendants committed bank trust fraud and collusion in 2005 concerning an account plaintiff inherited. Plaintiff alleges embezzlement, theft of his property, fraudulent conduct and general collusion. The only statute plaintiff cites in the complaint is Title 18 U.S.C. § 1344, and plaintiff asserts the court has both federal question jurisdiction as well as diversity jurisdiction. (See ECF No. 1.) The complaint does not appear to allege claims that are within the court's subject matter jurisdiction.

Plaintiff does cite to a federal statute, 18 U.S.C. § 1344 ("Bank Fraud"), but this statute does not provide plaintiff, a private citizen, with a cause of action. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); see also, e.g., Schneider v. Bank of Am. N.A., 2012 WL 761975, at *7–8 (E.D. Cal. Mar. 6, 2012) (finding no cognizable civil action flowing from the bank fraud statutes). Thus, any such asserted claim is legally frivolous and does not implicate the court's subject matter jurisdiction. Hagans, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, 889 F.3d at 549-50 (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). Thus, no federal question jurisdiction appears to exist on the face of the complaint. Caterpillar, 482 U.S. at 392. In plaintiff's response to the court's OSC, he states he is not intending to bring suit under Section 1344, but is "simply mentioning . . . that elements of Title 18" are present in his allegations. (ECF No. 6 at 5.) Thus, it appears plaintiff recognizes the bar against private citizens bringing criminal claims, and so does not detract from the court's finding that the complaint, on its face, fails to state a claim supporting federal question jurisdiction.

Further, though plaintiff checks the box for diversity jurisdiction, the court notes that plaintiff and multiple defendants are citizens of California (though two defendants are alleged to be citizens of Japan). (ECF No. 1 at 3.) Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction over certain actions between citizens of different states and certain actions including aliens or foreign states. However, complete diversity is a requirement of Section 1332.

Caterpillar, 519 U.S. at 68 (holding that "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant."); see also, e.g., Toro-Aire, Inc. v. Williams, 2013 WL 12186157, at *1 (S.D. Cal. July 25, 2013) ("Complete diversity is required under 28 U.S.C. § 1332(a)(1) and under the alienage provisions, 28 U.S.C. § 1332(a)(2)-(3)."); accord Wardle v. Jeanneau Am., Inc., 2005 WL 2333758, at *2 (N.D. Cal. Sept. 22, 2005) (citing Depex Reina 9 Partnership v. Texas Intern. Petroleum Corp., 897 F.2d 461, 464-65 (10th Cir. 1990)) (no jurisdiction under § 1332 in case brought by California plaintiff against various defendants, including a California corporation and foreign corporation).  Thus, there does not appear to be complete diversity, as is required by 28 U.S.C. § 1332.  Plaintiff's assertions in the response to the OSC do nothing to rectify the court's concerns regarding diversity jurisdiction.  (See ECF No. 6.)

In fairness to plaintiff, his response to the OSC asserts he should be allowed to amend his complaint to state claims that could support federal question jurisdiction.  Most prominent is plaintiff's request he be allowed to assert a claim under 42 U.S.C. Section 1983 against the defendants. (ECF No. 6 at 6.)  However, even though a claim under Section 1983 could present a federal question, these generally do not lie against private individuals or business entities that do not act under color of state law.  See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).  To be sure, a private individual's action can amount to state action under certain circumstances, but plaintiff's assertions in the OSC response do not touch on any of these circumstances.  See Id. at 445 (outlining four potential tests:  (1) the public function test, (2) the joint action test, (3) the state compulsion test, or (4) the governmental nexus test).  Further, the court notes that even if there were a party acting under color of law such that a private-state-action test could be invoked, the allegations appear to relate to circumstances well outside of the statute of limitations of two years.  See Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (noting that 42 U.S.C. § 1983 contains no statute of limitations, so federal courts in California typically apply the state's "statute of limitations for personal injury actions"); California Code of Civil Procedure § 335.1 (requiring personal injury claims must be brought within two years).  Thus, granting leave to amend for plaintiff to state a 1983 claim would be futile.  Cahill, 80 F.3d at 339.

In addition to plaintiff's request regarding Section 1983, he requests he be given leave to

assert a claim for negligence against the defendants, and requests the court exercise supplemental jurisdiction.  (ECF No. 6 at 6.)  However, as the court finds there are no claims invoking the court's original jurisdiction, the recommendation is to decline supplemental jurisdiction over any such state-law claims.  See 28 U.S.C. § 1367(c)(3) (noting district courts may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction").  Plaintiff should be aware that the court's recommendation here is not a judgment on the merits of any such state-law claim, including negligence, fraud, and the like.  It is simply based on a finding that these claims, without diversity of the parties or a cognizable federal question, do not invoke the court's subject matter jurisdiction.  Thus, the recommended dismissal would leave plaintiff free to raise any such claims in California Superior Court.

Thus, given the allegations in the complaint, citizenship of the parties, and statute cited, the court finds it is without subject matter jurisdiction over the claims raised in the complaint, requiring dismissal.  Rule 12(h)(3).  Further, based on plaintiff's assertions in the response to the order to show cause, the court finds amendment would be futile.  Cahill, 80 F.3d at 339.

### RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 30, 2022

selc.2141

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE